[Cite as *State v. Noor*, 2016-Ohio-7756.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-340 |
| | | (C.P.C. No. 12CR-510) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mohamed M. Noor, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 15, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Steven P. Billing,* for appellant. **Argued:** *Steven P. Billing.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Mohamed M. Noor, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion for leave to file a delayed motion for new trial. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} By indictment filed January 31, 2012, plaintiff-appellee, State of Ohio, charged Noor and his codefendant, Mohamed A. Ibrahim, with 1 count of aggravated burglary, in violation of R.C. 2911.11, a first-degree felony; 2 counts of felonious assault, in violation of R.C. 2903.11, second-degree felonies; 11 counts of kidnapping, in violation of R.C. 2905.01, first-degree felonies; 11 counts of aggravated robbery, in violation of R.C. 2911.01, first-degree felonies; 11 counts of robbery, in violation of R.C. 2911.02, second-

degree felonies; and 11 counts of robbery, in violation of R.C. 2911.02, third-degree felonies. All charges contained accompanying firearm specifications. Additionally, the state charged Noor, but not Ibrahim, with one count of having a weapon while under disability, in violation of R.C. 2923.13, a third-degree felony. The charges arose from a home invasion in which Noor and Ibrahim entered the home of Farheyo Abdulkar and robbed her and ten of her guests at gunpoint. Noor waived his right to a jury trial on the having a weapon while under disability charge.

{¶ 3} Prior to trial, the state dismissed the robbery counts in the indictment. Following a January 2013 joint trial, the jury returned guilty verdicts on all remaining charges and specifications for both Noor and Ibrahim, and the trial court found Noor guilty of the having a weapon while under disability charge. The trial court sentenced Noor to an aggregate prison sentence of 65 years. Noor appealed, and this court affirmed in part and reversed in part, remanding the case for merger of the kidnapping and aggravated robbery convictions for purposes of sentencing. *State v. Noor*, 10th Dist. No. 13AP-165, 2014-Ohio-3397. On August 27, 2015, the trial court resentenced Noor, merging the kidnapping and aggravated robbery convictions, and imposing an aggregate prison term of 65 years. The trial court journalized Noor's resentencing in a September 2, 2015 resentencing entry. Noor appealed his resentencing, and this court affirmed. *State v. Noor*, 10th Dist. No. 15AP-914 (May 24, 2016) (memorandum decision).

{¶ 4} On February 18, 2015, Noor filed a pro se motion for leave to file a delayed motion for new trial. Noor attached to his motion an excerpt of a letter from his appellate attorney as well as his motion for new trial. Noor argued he had obtained newly discovered evidence warranting a new trial. Specifically, Noor stated he recently learned this court, on appeal, had ordered an evidentiary hearing in Ibrahim's postconviction proceedings. *State v. Ibrahim*, 10th Dist. No. 14AP-355, 2014-Ohio-5307. Noor then argued the alleged newly discovered evidence supporting his motion for new trial was in the form of three affidavits that Ibrahim, Noor's codefendant, had relied on in his separately filed petition for postconviction relief. Noor did not actually attach the three affidavits but instead stated he "fully incorporated herein by reference" the affidavits filed in Ibrahim's postconviction proceedings. (Feb. 18, 2015 Mot. for New Trial at 3.)

{¶ 5}  The state filed a memorandum contra Noor's motion for leave to file a delayed motion for new trial arguing Noor did not demonstrate that he was unavoidably prevented from filing a timely motion for new trial.  The state further argued Noor had not presented any evidence in support of his motion for leave or in support of his motion for new trial.  Subsequently, on March 19, 2015, Noor filed "supplementary exhibits to his motion for leave for delayed motion for new trial," including photocopies of the affidavits of Amina Manguera, Mowlina Aboke, and Aweis A. Ibrahim ("Aweis") which were filed in his codefendant's postconviction proceedings.  The affidavits challenged Ibrahim's trial counsel's pre-trial investigation.  Noor also filed his own affidavit, averring the assertions in his motion for new trial were "true and correct" and that the documents attached to the filing were "authentic and correct copies."  (Noor Aff.)  Noor further filed a reply to the state's memorandum contra.

{¶ 6}  In an April 11, 2016 decision and entry, the trial court denied Noor's motion for leave, finding Noor "failed to show that 'new evidence' exists, or that he was unavoidably prevented from discovering the claimed new evidence."  (Apr. 11, 2016 Decision & Entry at 1.)  Noor timely appeals.

## II.  Assignments of Error

{¶ 7}  Noor assigns the following errors for our review:

> [1.] The trial court abused its discretion in finding that defendant failed to show that new evidence exists.
>
> [2.] Trial court abused its discretion in finding that defendant failed to show that he was unavoidably prevented from discovering new evidence.

## III.  First and Second Assignments of Error – Motion for Leave to File Motion for New Trial

{¶ 8}  Noor's first and second assignments of error are interrelated and we address them jointly.  Together, they argue the trial court erred in denying Noor's motion for leave to file a motion for new trial.  Specifically, Noor argues the trial court abused its discretion in determining Noor did not show that new evidence exists or that he was unavoidably prevented from discovering the alleged new evidence.

{¶ 9}   An appellate court reviews a trial court's decision granting or denying a Crim.R. 33 motion for new trial for an abuse of discretion.  *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 8, citing *State v. Schiebel*, 55 Ohio St.3d 71, 76 (1990). Similarly, we will not disturb a trial court's decision granting or denying a Crim.R. 33(B) motion for leave to file a delayed motion for new trial absent an abuse of discretion. *Townsend* at ¶ 8, citing *State v. Pinkerman*, 88 Ohio App.3d 158, 160 (4th Dist.1993).  An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Noor premised his motion for new trial on newly discovered evidence. Crim.R. 33 provides, in pertinent part:

> (A) Grounds.  A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> * * *
>
> (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.
>
> * * *
>
> (B) Motion for new trial; form, time.
>
> * * *
>
> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived.  If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motions shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 11} Thus, Crim.R. 33(B) contemplates a two-step procedure when a defendant seeks to file a motion for new trial outside the 120-day deadline.  "In the first step, the defendant must demonstrate that he was unavoidably prevented from discovering the

evidence relied upon to support the motion for new trial." *State v. Bethel*, 10th Dist. No. 09AP-924, 2010-Ohio-3837, ¶ 13. In the second step, if the trial court finds unavoidable prevention by clear and convincing evidence, then the defendant must file the motion for new trial within seven days from the trial court's order. *Id.*, citing *State v. Woodward*, 10th Dist. No. 08AP-1015, 2009-Ohio-4213.

{¶ 12} A defendant demonstrates he was unavoidably prevented from discovering the new evidence within the 120-day time period for filing a motion for new trial when the defendant "had no knowledge of the evidence supporting the motion for new trial and could not have learned of the existence of the evidence within the time prescribed for filing such a motion through the exercise of reasonable diligence." *Bethel* at ¶ 13, citing *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 19. "Clear and convincing proof that the defendant was 'unavoidably prevented' from filing 'requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.' " *State v. Lee*, 10th Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 9, quoting *State v. Mathis*, 134 Ohio App.3d 77, 79 (1st Dist.1999). "The standard of 'clear and convincing evidence' is defined as that measure or degree of proof that is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Townsend* at ¶ 7, citing *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 13} In order to warrant the granting of a motion for new trial in a criminal case based on newly discovered evidence, the defendant must show that the new evidence "(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Petro*, 148 Ohio St. 505 (1947), syllabus. *See also Lee* at ¶ 9.

{¶ 14} In his motion for leave to file a motion for new trial, Noor argued he was unavoidably prevented from discovering the affidavits of Manguera, Aboke, and Aweis. These are the same affidavits Noor's codefendant, Ibrahim, relied on in his petition for

postconviction relief filed November 12, 2013, more than 15 months before Noor filed his motion for leave. The crux of Ibrahim's postconviction petition was that his trial counsel was ineffective for failing to investigate, subpoena witnesses, and question witnesses regarding the following: (1) that alleged victim Abdi Mohamed bragged that a robbery did not occur, (2) that another prosecuting witness stated that a robbery did not occur, and (3) that the prosecuting witnesses attempted to extort $10,000 from Ibrahim's family in exchange for their silence at trial. *Ibrahim* at ¶ 26. In reversing in part the trial court's initial denial of Ibrahim's petition for postconviction relief, this court stated:

> [W]e find that the jail visitor list, along with the consistent averments of [Manguera, Aboke, and Aweis] summarized above, most particularly those of [Aboke], together set forth sufficient operative facts, which, if believed, would establish substantive grounds that trial counsel had substantially violated at least one of a defense attorney's essential duties to his client. We also find that, if believed, these averments could implicate all of the state's prosecuting witnesses (victims stated no robbery actually occurred; victims tried to extort money for their silence). Such implication of all the prosecuting witnesses could have resulted in a different outcome at trial, thereby prejudicing [Ibrahim]. Therefore, we find the trial court erred in not holding a hearing to determine the credibility of the affiants as to these averments.

*Id.* at ¶ 33.

{¶ 15} We note that the state argues that these affidavits do not satisfy the requirement of "new evidence" sufficient to warrant the granting of a motion for new trial as they relate to Noor because the affidavits are intended to show Ibrahim's trial counsel's ineffectiveness. The trial court denied Noor's motion for leave both because he did not demonstrate he was unavoidably prevented from discovering the evidence and the evidence did not qualify as "new evidence" within the rule.

{¶ 16} Even if we assume arguendo that these affidavits qualify as "new evidence" within the meaning of Crim.R. 33, Noor fails to explain how he was unavoidably prevented from discovering the affidavits of Manguera, Aboke, and Aweis prior to the expiration of the deadline for filing a motion for new trial.

{¶ 17} Noor argues in his motion for leave that he "was not aware that his [codefendant] had filed anything in the trial court or discovered the new extant evidence

that brings into question the testimony presented by State of Ohio by the nine witnesses." (Feb. 18, 2015 Mot. for Leave at 5.)   Noor asserts he did not "discover[]" that his codefendant had filed a postconviction petition, as well as the accompanying affidavits, until December 2014 when he was researching his own appellate case and happened upon this court's decision in *Ibrahim*.   Though Noor does allege he only recently discovered that Ibrahim had filed a petition for postconviction relief, Noor presents no other explanation as to why he could not have obtained these affidavits sooner.   As this court has stated, "the phrases in Crim.R. 33(B) requiring an appellant to show by 'clear and convincing proof' that he or she was 'unavoidably prevented' from discovering evidence do not allow one to claim that evidence was undiscoverable simply because the defense did not undertake efforts to obtain the evidence sooner."   *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 14.   Moreover, "[b]ald assertions that appellant could not have timely discovered the evidence is not enough," and "criminal defendants and their trial counsel have a duty to make a 'serious effort' of their own to discover potential favorable evidence."   *Id.*, quoting *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 15.

{¶ 18} Noor states he inadvertently came across his codefendant's postconviction filing and learned of the new evidence.   In essence, Noor admits he did not try to learn of the existence of the new evidence at all, let alone within the time frame required for a motion for new trial.   This amounts to nothing more than a " 'mere allegation' " that Noor was unavoidably prevented from discovering the new evidence without any evidence, clear and convincing or otherwise, in support of that allegation.   *State v. Carson*, 10th Dist. No. 07AP-492, 2007-Ohio-6382, ¶ 16, quoting *Lee* at ¶ 9.   We therefore conclude the trial court did not abuse its discretion in determining Noor did not satisfy the threshold requirement of a motion for leave to file a motion for new trial because he did not demonstrate he was unavoidably prevented from discovering the new evidence. Accordingly, the trial court did not abuse its discretion in denying Noor's motion for leave to file a delayed motion for new trial.   We overrule Noor's first and second assignments of error.

## IV. Disposition

{¶ 19} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Noor's motion for leave to file a delayed motion for new trial. Having overruled Noor's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and TYACK, J., concur.