[Cite as *State v. Clinton*, 2026-Ohio-1830.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 25AP-909 |
| v. | : | (C.P.C. No. 10CR-7472) |
| Marvin D. Clinton, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 19, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Jeffrey D. Devereaux*, for appellee.

**On brief:** *Marvin D. Clinton*, pro se.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Marvin D. Clinton, pro se, appeals from the October 2025 judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a delayed motion for a new trial. For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL OVERVIEW**

{¶ 2} By indictment filed December 27, 2010, plaintiff-appellee, the State of Ohio, charged Mr. Clinton with aggravated murder, murder, tampering with evidence, and having a weapon while under disability. The aggravated murder and murder counts were charged with a firearm specification and a repeat violent offender specification. All charges stemmed from the December 18, 2010 shooting death of K.R. following a two-car traffic collision. We need not belabor the nature of these offenses, as it is not relevant to the issues before us in this case.

{¶ 3} Following his 2013 jury trial, Mr. Clinton was convicted of murder in violation of R.C. 2903.02(A), an unclassified felony offense, with a firearm specification, and tampering with evidence in violation of R.C. 2921.12, a felony of the third degree. Mr. Clinton waived a jury on the charge of having a weapon while under disability in violation of R.C. 2923.13, a felony of the third degree, and the trial court found him guilty of that offense. Mr. Clinton appeared for sentencing on July 30, 2013. At that time, the court determined Mr. Clinton was a repeat violent offender, pursuant to R.C. 2941.149(B). Following remarks from the prosecutor, defense counsel, K.R.'s family, and Mr. Clinton, the court imposed an aggregate prison sentence of 31 years to life, as memorialized in the August 2, 2013 judgment entry of conviction and sentence.

{¶ 4} Mr. Clinton appealed from that judgment, alleging various trial errors and challenging the propriety of the trial court's repeat violent offender specification determination. On review, we found no basis to disturb the judgment below. *State v. Clinton*, 2014-Ohio-5099 (10th Dist.). Mr. Clinton also filed numerous pleadings seeking post-conviction relief both while and after his direct appeal was pending, none of which were successful. *See, e.g.*, *State v. Clinton*, 2024-Ohio-1018, ¶ 4-11 (10th Dist.) (affirming trial court's denial of petition for post-conviction relief without a hearing).

{¶ 5} On October 7, 2025—more than 12 years after he was sentenced—Mr. Clinton, acting pro se, moved the trial court for a new trial based on newly discovered evidence under Crim.R. 33(A)(6), to wit: a gunshot residue report from a private investigator he hired in 2023. Since his motion for a new trial was filed years after the jury verdict was rendered, Mr. Clinton appropriately sought leave from the court to file his delayed new trial motion pursuant to Crim.R. 33(B). Without conducting a hearing, the court denied Mr. Clinton's motion for leave, finding Mr. Clinton failed to establish by clear and convincing evidence that he was unavoidably prevented from discovering the evidence on which he sought to base his motion for a new trial within Crim.R. 33(B)'s 120-day deadline.

{¶ 6} Mr. Clinton timely appealed from that decision and now asserts the following assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION VIOLATED
> CLINTON'S RIGHTS PROTECTED UNDER THE 14TH

AMENDMENT OF THE U.S. CONST., ART. IV SEC. 3 OF THE
OHIO CONST. WHEN IT DENIED HIS MOTION FOR NEW
TRIAL. WITHOUT DENYING HIS MOTION FOR LEAVE

(Sic passim.)  (Appellant's Brief at 6.)

## II.  ANALYSIS

{¶ 7}   Initially, we note that Mr. Clinton has not presented any arguments in support of his sole assignment of error, as required by App.R. 16(A)(7).  App.R. 16(A)(7) mandates that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."  Because we "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)," this deficiency would be sufficient to affirm the trial court's judgment. App.R. 12(A)(2).  *See, e.g., Jabr v. Columbus*, 2023-Ohio-2781, ¶ 10-13 (10th Dist.).

{¶ 8}   " 'Many times, however, appellate courts instead review the appealed judgment using the appellants' arguments in the interest of serving justice.' "  *Id.* at ¶ 13, quoting *Angus v. Angus*, 2015-Ohio-2538, ¶ 10 (10th Dist.).  Though, "if we 'cannot understand an appellant's arguments, [we] cannot grant relief.' "  *Id.*, quoting *State v. Dunlap*, 2005-Ohio-6754, ¶ 10 (10th Dist.).  "And, while we 'will construe pro se filings generously, appellate courts cannot construct legal arguments for an appellant.' "  *Id.* at ¶ 13, quoting *Angus* at ¶ 10, citing *Williams v. Barrick*, 2008-Ohio-4592, ¶ 24 (10th Dist.); *Miller v. Johnson & Angelo*, 2002-Ohio-3681, ¶ 2 (10th Dist.)

{¶ 9}   Notwithstanding the deficiencies in Mr. Clinton's brief, in the interests of justice, we will attempt to address Mr. Clinton's appeal from the trial court's denial of his motion for leave to move for a new trial.

### A.  Standard of Review

{¶ 10}  The decision of whether to grant a new trial, pursuant to Crim.R. 33, rests within the sound discretion of the trial court.  *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus.  An appellate court reviews a trial court's determination of a

Crim.R. 33 motion for an abuse of discretion. *Id.*; *State v. Townsend*, 2008-Ohio-6518, ¶ 8 (10th Dist.). Similarly, we will not disturb a trial court's ruling on a motion for leave to move for a new trial unless we find the trial court abused its discretion. *State v. McNeal*, 2022-Ohio-2703, ¶ 13, citing *State v. Hawkins*, 66 Ohio St.3d 339, 350 (1993).

{¶ 11} An abuse of discretion occurs when the trial court's decision was unreasonable, arbitrary, or unconscionable. *See, e.g., State v. Weaver*, 2022-Ohio-4371, ¶ 24, quoting *State v. Gondor*, 2006-Ohio-6679, ¶ 60, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 2020-Ohio-6699, ¶ 19.

{¶ 12} "A decision is unreasonable if there is no sound reasoning process that would support the decision." (Internal quotations omitted.) *Fernando v. Fernando*, 2017-Ohio-9323, ¶ 7 (10th Dist.), quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). A decision is arbitrary if it is made "without consideration of or regard for facts [or] circumstances." (Internal quotations omitted.) *State v. Hill*, 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed. 2014). A decision may also be arbitrary if it lacks an adequate determining principle and is not governed by any fixed rules or standards. *See Beasley* at ¶ 12, citing *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359 (1981), quoting *Black's Law Dictionary* 96 (5th Ed. 1979). *See also Hackett* at ¶ 19. A decision is unconscionable if it "affronts the sense of justice, decency, or reasonableness." *Fernando* at ¶ 7, citing *Porter, Wright, Morris & Arthur, L.L.P. v. Frutta Del Mondo, Ltd.*, 2008-Ohio-3567, ¶ 11 (10th Dist.). Further, "[a]n abuse of discretion may also be found where a trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *State v. Harris*, 2023-Ohio-3994, ¶ 73 (10th Dist.), quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.), citing *Berger v. Mayfield Hts.*, 265 F.3d 399, 402 (6th Cir. 2001). *See also Bellamy v. Montgomery*, 2012-Ohio-4304, ¶ 7 (10th Dist.).

{¶ 13} To the extent Mr. Clinton raises a question of law, however, we review it de novo. *State v. Willig*, 2010-Ohio-2560, ¶ 14 (10th Dist.).

**B. Analysis**

{¶ 14}  On appeal, Mr. Clinton claims the trial court abused its discretion by denying his motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33(B).  We disagree.

{¶ 15}  Over 12 years after he was convicted, Mr. Clinton filed a motion for leave to file an untimely motion for a new trial under Crim.R. 33.  He based his motion on newly discovered evidence.  Crim.R. 33(A)(6) provides that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."  To prevail on such a motion, a defendant must establish that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.  *State v. Grad*, 2024-Ohio-5710, ¶ 38, quoting *State v. Petro*, 148 Ohio St. 505 (1947), syllabus.

{¶ 16}  Crim.R. 33(B) provides that a motion for new trial based on newly discovered evidence must be filed within 120 days after a verdict is rendered.  A party who fails to file a motion within that time must seek leave from the trial court to file a delayed motion for new trial.  *See, e.g., State v. Armengau*, 2017-Ohio-197, ¶ 9 (10th Dist.); *State v. Bethel*, 2022-Ohio-783, ¶ 53-58.  Thus, because Mr. Clinton filed his motion more than 120 days after his trial ended, he was required to show "by clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely."  Crim.R. 33(B); *Grad* at ¶ 38; *Bethel* at ¶ 53.

{¶ 17}  The standard of " 'clear and convincing evidence' is defined as 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Schiebel*, 55 Ohio St.3d at 74, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.  *See also Armengau* at ¶ 12.

{¶ 18}  A defendant is "unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new

trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-46 (10th Dist. 1984). *See also State v. Waddy*, 2016-Ohio-4911, ¶ 18 (10th Dist.).

{¶ 19} "If a defendant fails to present prima facie evidence of being unavoidably prevented from discovering such evidence, a court may deny leave without holding a hearing." *Grad*, 2024-Ohio-5710, at ¶ 72, citing *State v. Cleveland*, 2009-Ohio-397, ¶ 54 (9th Dist.) ("A defendant is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue."). On review, we find Mr. Clinton failed to satisfy the prima facie evidence standard.

{¶ 20} In support of his October 2020 motion for leave to file a delayed motion for new trial, Mr. Clinton attached a gunshot residue report from a private investigator he hired in 2023. He contended this 2023 gunshot residue report undermined the testimony of the gunshot residue expert who testified for the state at his 2013 trial. Mr. Clinton explained the reasons for the delay between his 2023 hiring of the private investigator and his 2025 filing of his delayed new trial motion. (*See* Oct. 7, 2025 Mot. for Leave at 6.) However, Mr. Clinton failed to explain why evidence from an independent gunshot residue expert was not available and could not have been discovered prior to, at the time of, or 120 days after the verdict was rendered in his May 2013 trial, as required by Crim.R. 33(B).

{¶ 21} Given a defendant's obligation to exercise reasonable diligence in discovering and producing material evidence, *see* Crim.R. 33(A)(6), a defendant "cannot claim that evidence was undiscoverable simply because no one made efforts to obtain the evidence sooner." *State v. Cashin*, 2017-Ohio-9289, ¶ 16 (10th Dist.), citing *State v. Graggs*, 2017-Ohio-4454, ¶ 15 (10th Dist.); *State v. Noor*, 2016-Ohio-7756, ¶ 17 (10th Dist.); and *State v. Anderson*, 2012-Ohio-4733, ¶ 14 (10th Dist.).

{¶ 22} A review of the record shows the defense had received and was aware of the state's gunshot residue evidence prior to trial. Defense counsel moved the trial court to compel the state to produce additional gunshot residue testing evidence in December 2011 and January 2012. Defense counsel later moved to suppress the state's gunshot residue testing evidence in March 2013. And at Mr. Clinton's May 2013 trial, defense counsel

unsuccessfully argued for the exclusion of evidence and testimony regarding gunshot residue testing.  (*See*, *e.g.*, Tr. Vol. IV at 76-87; Tr. Vol. V at 244, 289-306.)  Defense counsel also had the opportunity to cross-examine the state's witness about the collection and analysis of gunshot residue evidence presented at trial.  (*See*, *e.g.*, Tr. Vol. V at 244, 289-306, 309-22, 334-52; 383-88.)  And to the extent Mr. Clinton is arguing he lacked funds to hire an independent gunshot residue expert prior to trial, we note the court permitted the expenditure of funds, at the state's expense, for purposes of hiring a private investigator to assist his trial counsel in preparing the case for trial.  (*See*, *e.g.*, Nov. 3, 2011 Entry; Feb. 9, 2012 Entry.)  As such, we find no merit to Mr. Clinton's contention that he was unavoidably prevented from hiring an independent gunshot residue expert prior to trial.

{¶ 23} Because Mr. Clinton failed to prove he was unavoidably prevented from discovering the evidence he relies upon as a basis for his motion for a new trial, the trial court did not err in denying his motion for leave. Accordingly, we overrule his sole assignment of error.

## III.  CONCLUSION

{¶ 24} Having overruled Mr. Clinton's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____