OPINION
{¶ 1} Appellant, Delvon Bush, appeals from his conviction and sentence for aggravated murder, aggravated robbery, conspiracy to commit aggravated robbery, all with firearm specifications and for tampering with evidence. Appellant and his co-defendant, Daylon Caldwell, were indicted by the Franklin County Grand Jury on September 16, 2005. The offenses were alleged to have occurred on April 30, 2001. They were found guilty following a jury trial.[1]
 {¶ 2} The following evidence was presented at trial. The victim, Clinton Andrix, was employed at Farmer's Insurance Company. Occasionally, Andrix bought and sold marijuana for himself and friends. Creshella and Natusha Bailey worked at Federal Express. On April 30, 2001, the two sisters decided to buy some marijuana and asked a co-worker, Kevin Fletcher, what his source was for purchasing the drug. The two women discussed their plans in the presence of their boyfriends, Kendrick Akins and appellant, who was also known by the nickname "Popeye." After listening to Creshella and Natusha, Akins and appellant decided they would "hit a lick," or rob the seller. (Tr. 112-113.) Akins was to intimidate "the white boy," grab the marijuana and run. (Tr. 222-223, 231.)
 {¶ 3} Later that day, the victim, Andrix, was visiting a friend, Steve Mountjoy. When the telephone rang, Mountjoy took the call, and then passed the telephone to Kevin Fletcher, who lived upstairs. Fletcher spoke to the caller and, in turn, gave the telephone to Andrix. Arrangements were made that the participants would meet at a location near Northland Mall. (Tr. 340-348.) Creshella Bailey's name was mentioned that evening as the telephone calls were made and returned. (Tr. 349.)
 {¶ 4} Co-defendant, Caldwell, called some associates to assist in the robbery and asked Natusha to drive them to the place where the deal was to be made. Also present at the Northland Mall meeting place was the victim's friend, Jeffrey Swartz and Kevin Fletcher, Creshella's co-worker and the person who gave Creshella the name of the victim as a source of marijuana. Swartz listened to the discussions between Andrix and the purported buyers. When the shorter of the two men (appellant) ordered Andrix to get out of the car, Andrix attempted to drive away and appellant shot him. The shooter fired the pistol with his left hand. (Tr. 357.) Appellant is left-handed. (Tr. 408.) Co-defendant Caldwell is right-handed. (Tr. 358.)
 {¶ 5} Appellant had Natusha's pistol with him and shot the victim in the chest during the encounter. (Tr. 121-123, 237-240.) Natusha was an eyewitness to the shooting. Later, appellant admitted he had shot "the white boy." Appellant seemed happy about the shooting. He and co-defendant Caldwell were "slapping each others hands." (Tr. 128.) Investigators confirmed that Natusha identified appellant as the killer. (Tr. 402.)
 {¶ 6} Appellant raises a single assignment of error on appeal:
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 7} The legal concepts of weight and sufficiency of the evidence are both qualitatively and quantitatively different. State v. Thompkins
(1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Evidence is sufficient to support a conviction where the evidence, if believed, would allow a rational trier of fact to conclude that the state had proved each element of the offense beyond a reasonable doubt.
 {¶ 8} In the instant case, if believed, the testimony of several eye-witnesses, Natusha Bailey, Kendrick Akins and Jeffrey Swartz, taken together with the facts and circumstances in evidence, is sufficient to prove each element of the several offenses beyond a reasonable doubt. The jury was not required to disbelieve these witnesses.
 {¶ 9} A conviction that is supported by sufficient evidence may nevertheless be reversed if a court of appeals unanimously finds that the verdict is against the manifest weight of the evidence. In a review of the weight of the evidence, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences to be drawn therefrom, considers the credibility of the witnesses and then determines whether, in resolving conflicts in the evidence, the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Thompkins, at 387, quoting with approval, State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 10} We have reviewed the evidence, including the credibility of the witnesses. We have weighed the evidence and all reasonable inferences to be drawn therefrom. We find that the verdict of the jury is not against the manifest weight of the evidence. Having reviewed the complete record, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that reversal is warranted. The verdict is not against the manifest weight of the evidence.
 {¶ 11} Because the verdict is supported by sufficient evidence and is not against the manifest weight of the evidence, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed in all respects.
Judgment affirmed.
KLATT, P.J., and BRYANT, J., concur.
[1] Co-defendant Caldwell was also charged with having a weapon while under disability. Caldwell waived trial by jury on that count. The trial court dismissed the charge.