OPINION
{¶ 1} Kevin D. Townsend, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court denied his motion for leave to file delayed motion for new trial. Appellant has also filed a motion to strike a portion of the brief of the State of Ohio, plaintiff-appellee, and a motion for leave to file a reply brief. We grant appellant's motion for leave to file a reply brief and consider it herein.
 {¶ 2} Pursuant to a jury trial, appellant was convicted of attempted murder with firearm specification, felonious assault with firearm specification, and having a weapon while under disability. In its February 20, 2002 judgment, the court sentenced appellant to *Page 2 
a total of 14 years incarceration. This court affirmed the judgment inState v. Townsend, Franklin App. No. 02AP-510, 2003-Ohio-1327.
 {¶ 3} On December 11, 2007, appellant filed a motion for leave to file delayed motion for new trial based upon newly discovered exculpatory evidence pursuant to Crim. R. 33(B). Appellant claimed that, in mid-to late-2007, he discovered new witnesses. On March 26, 2008, the trial court denied the motion for leave, finding that appellant failed to demonstrate that he could not have learned of the new witnesses with reasonable diligence. On May 1, 2008, appellant filed an appeal of the judgment. On September 3, 2008, the state filed a motion to dismiss for lack of jurisdiction, claiming appellant's appeal was filed outside the time for appeals pursuant to App. R. 4(A). On September 17, 2008, this court denied the state's motion to dismiss. On October 22, 2008, appellant filed a motion to strike a portion of the state's appellate brief in which it again argued that appellant's appeal is untimely. Further, on November 12, 2008, appellant filed a motion for leave to file a reply brief, which, as mentioned above, we grant and will consider herein.
 {¶ 4} With regard to his appeal of the trial court's judgment, appellant asserts the following assignment of error:
 The trial Court abused its discretion and erred in denying appellant's motion for leave to file delayed motion for new trial, thus denying appellant Due Process guaranteed by the Ohio and United State Constitutions.
 {¶ 5} Appellant argues in his assignment of error that the trial court abused its discretion when it denied his motion for leave to file delayed motion for new trial. Appellant's motion was premised on newly discovered evidence. Crim. R. 33(A) provides, in pertinent part: *Page 3 
 (A) Grounds
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 * * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
 {¶ 6} Crim. R. 33(B) provides, in pertinent part:
 (B) Motion for new trial; form, time
 * * * Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 7} Here, appellant failed to file his motion for new trial based upon newly discovered evidence within 120 days after the verdict; thus, appellant was required to show by clear and convincing proof that he was unavoidably prevented from the discovery of the evidence pursuant to Crim. R. 33(B). The standard of "clear and convincing evidence" is defined as that measure or degree of proof that is more than a *Page 4 
mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.Ford v. Osborne (1887), 45 Ohio St. 1, paragraph two of the syllabus.
 {¶ 8} We will not disturb a trial court's decision granting or denying a Crim. R. 33 motion for new trial absent an abuse of discretion.State v. Schiebel (1990), 55 Ohio St.3d 71, 76. The abuse of discretion standard of review also applies to Crim. R. 33(B) motions for leave to file a delayed motion for new trial. State v. Pinkerman (1993),88 Ohio App.3d 158, 160, citing State v. Wright (Mar. 31, 1992), Greene App. No. 90 CA 135. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} In appellant's motion for leave, appellant claimed he discovered new exculpatory evidence. Appellant asserted that, in August and October 2007, he discovered for the first time that Michael Townsend and George McClain, respectively, witnessed the crime in question and knew that appellant did not shoot the victim. In an affidavit attached to appellant's motion, Michael Townsend averred that he did not come forward with his information until August 2007, because he was on federal parole at the time of the crime, and he was not supposed to be in Ohio. In George McClain's affidavit, McClain does not explain when he told appellant he witnessed the crime, and he does not *Page 5 
explain why he did not come forward sooner. In its decision and entry, the trial court denied appellant's motion for leave to file a delayed motion for new trial because appellant failed to demonstrate he could not have learned of Michael's and McClain's knowledge of the crimes with reasonable diligence.
 {¶ 10} We agree with the trial court's conclusion. A party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. State v. Walden (1984),19 Ohio App.3d 141, 145-146. Although appellant states in his motion for leave that he had no knowledge "whatsoever" that Michael and McClain witnessed the shooting in question, and he did not discover that either of these men witnessed the shooting until August and October 2007, respectively, appellant does not explain why he was unavoidably prevented from discovering that these two men allegedly witnessed the shooting in a timely manner. Appellant was represented by counsel, and appellant fails to indicate why neither he nor his trial counsel were prevented from investigating the matter and discovering these two men witnessed the incident. Particularly of note is that one of the men, Michael Townsend, is appellant's brother.
 {¶ 11} This court has before addressed, in the context of a motion for leave to file motion for new trial, the alleged discovery of "new" witnesses. In State v. Wilson (Nov. 2, 1993), Franklin App. No. 93AP-732, the trial court ruled the defendant failed to present clear and convincing proof he was unavoidably prevented from discovering witnesses before the time limit of Crim. R. 33(B) had run. This court affirmed the trial court's decision, *Page 6 
noting the record did not indicate how the defendant and his counsel were prevented from discovering the witnesses prior to trial or how the witnesses ultimately were discovered. The witnesses and the defendant all knew each other prior to trial. We found that it was necessary to conduct a pre-trial investigation and to make a "serious effort" to question potential witnesses. If counsel, for whatever reason, could not effectively communicate with the potential witnesses or devote sufficient time to investigate personally, then the services of a private investigator could have been retained, with public funds, in the case of an accused who is an indigent.
 {¶ 12} New trials are not to be granted lightly. As stated by the court in State v. Sheppard (1955), 100 Ohio App. 399, 404:
 The allowance of the new trial, as set forth in the Statute above, is bottomed on the proposition that the new evidence uncovered could not have been discovered and produced at the trial by the exercise of reasonable diligence. This is a basic and necessary requirement under the law. If it were otherwise, a defendant might well take a languorous attitude toward the trial of his case, be indolent in the marshalling of defensive evidence and decide to take his chances on the state being unable to prove him guilty beyond a reasonable doubt and even be so bold as to hold testimony in his behalf in reserve to be used as grounds for another trial in case he be found guilty.
 {¶ 13} Here, as explained above, appellant has not alleged he was unavoidably prevented from discovering the two alleged eyewitnesses. Michael indicated in his affidavit that he did not tell appellant that he was an eyewitness to the shooting because he was on parole at the time, and he was not supposed to be in Ohio. However, appellant does not indicate that either he or his trial counsel ever interviewed Michael or took steps to ascertain his knowledge of the events in question. As Michael is appellant's brother, it was apparent that appellant knew him and was aware of Michael *Page 7 
as of the time of trial, and appellant had a duty to conduct a serious investigation or hire a private investigator to search for potential witnesses. On the other hand, McClain fails to aver why he did not come forward sooner, and appellant provides no explanation why he could not have investigated McClain's claim prior to his trial. Appellant also fails to explain his relationship to McClain, and what prompted him to contact appellant. Despite his multitude of filings, appellant does not describe the investigative actions undertaken and why he was unavoidably prevented from discovering the testimony of these two alleged eyewitnesses. To grant appellant's motion for leave to file delayed motion for new trial would reward appellant for his failure to perform a proper pre-trial investigation, as noted in Sheppard. Therefore, we find appellant failed to comport with Crim. R. 33(B) and did not demonstrate by clear and convincing proof that he was unavoidably prevented from the discovery of the evidence, and the trial court did not abuse its discretion in so finding. Appellant's assignment of error is overruled.
 {¶ 14} We find moot the state's argument in its appellate brief that appellant's appeal was untimely, as this issue was addressed in this court's September 17, 2008 entry. Appellant's motion to strike the portion of the state's brief that argued the issue of jurisdiction is also moot.
 {¶ 15} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1