OPINION
{¶ 1} Appellant, Delvon L. Bush ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas denying his motion for leave to file a motion for new trial. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} Appellant and co-defendant Daylan Caldwell ("Caldwell") were indicted on a number of charges, including aggravated murder, arising from the April 30, 2001 death of Clinton Andrix. The charges against appellant were severed from those against Caldwell prior to trial. The first trial involving the charges against appellant resulted in a hung jury. The state then filed a motion seeking reconsideration of the severing of the charges, which the trial court granted. On April 24, 2006, the jury in the second trial convicted both appellant and Caldwell for aggravated murder, aggravated robbery, conspiracy to commit aggravated robbery, and tampering with evidence. We affirmed appellant's conviction. State v. Bush, Franklin App. No. 06AP-514, 2006-Ohio-6740.
 {¶ 3} On August 20, 2007, appellant filed a motion seeking a new trial pursuant to Crim. R. 33, on the grounds that newly discovered evidence revealed appellant's innocence. Attached to the motion was an affidavit executed by appellant's co-defendant Caldwell in which Caldwell stated, among other things, that appellant was not the person who shot and killed Clinton Andrix, nor was he involved in any way with the crime. The motion also stated that Caldwell had identified the real shooter. In the affidavit, Caldwell did not state a reason why he had not come forward with this information at an earlier time. The motion stated that appellant could not have discovered this evidence through the exercise of due diligence prior to trial.
 {¶ 4} The state moved to dismiss appellant's motion for a new trial on the grounds that it had not been filed within 120 days of the date of the jury verdict as required by Crim. R. 33, and appellant had not provided clear and convincing evidence that he was unable to discover the new evidence within that period. The trial court granted the motion and dismissed appellant's motion for a new trial. *Page 3 
 {¶ 5} On November 7, 2007, appellant filed a motion seeking leave to file a motion for new trial outside the 120-day period called for by Crim. R. 33. In this motion, appellant argued that the evidence from Caldwell exonerating appellant could not have been discovered prior to July 2007, when appellant's counsel received an unsolicited letter from Caldwell setting forth the new evidence. Attached to the motion seeking leave to file an untimely Crim. R. 33 motion was the affidavit executed by Caldwell that had been attached to the earlier motion for new trial.
 {¶ 6} The trial court denied the motion for leave to file the motion for new trial without holding a hearing, concluding that the evidence relied upon by appellant in his motion was information that would have been known to appellant at the time of his trial.
Appellant filed this appeal, alleging a single assignment of error:
 ASSIGNMENT OF ERROR ONE THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR A NEW TRIAL BECAUSE NEW EVIDENCE MATERIAL TO THE DEFENSE HAS BEEN DISCOVERED WHICH THE DEFENDANT COULD NOT WITH REASONABLE DILLIGENCE [sic] HAVE DISCOVERED WITHIN ONE HUNDRED AND TWENTY DAYS AFTER TRIAL.
 {¶ 7} Motions for new trial in criminal cases are governed by Crim. R. 33, which provides, in relevant part:
 (B) * * *
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within *Page 4 
seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 8} Thus, Crim. R. 33 contemplates a two-step procedure when a defendant seeks to file a motion for new trial more than 120 days after the conclusion of the trial. In the first step, the defendant must demonstrate that he was unavoidably prevented from discovering the evidence relied upon to support the motion for new trial. If the defendant provides documents that on their face support the defendant's claim that discovery of the evidence was unavoidably delayed, the trial court must hold a hearing to determine whether there is clear and convincing evidence of unavoidable delay. State v. Wright (1990),67 Ohio App.3d 827, 588 N.E.2d 930; State v. McConnell,170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77.
 {¶ 9} A trial court's decision whether to grant leave to file an untimely motion for new trial is subject to review for abuse of discretion. State v. Townsend, Franklin App. No. 08AP-371,2008-Ohio-6518. Abuse of discretion means more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. Because appellant was required to prove unavoidable delay, we must review the record to determine whether the trial court had before it sufficient evidence to meet appellant's burden. Townsend, at ¶ 7.
 {¶ 10} In support of his motion for leave to file an untimely motion for new trial, appellant offered the affidavit executed by Caldwell exonerating appellant and stating that Caldwell knew who the actual shooter was. However, nothing in Caldwell's affidavit provides any support for the conclusion that appellant could not have obtained this *Page 5 
information from Caldwell within 120 days of trial through the exercise of reasonable diligence. Although appellant argued in his memorandum in support of the motion that there was no way this information could have been obtained until Caldwell voluntarily came forward with the information in July 2007, no evidentiary materials were provided setting forth any factual basis for this conclusion or otherwise describing any efforts that had been made to obtain the information.
 {¶ 11} The mere assertion in appellant's motion that he was unavoidably prevented from learning that Caldwell was willing to exonerate him was not sufficient on its face to carry appellant's burden of proving unavoidable delay by clear and convincing evidence. SeeState v. Parker, Montgomery App. No. 22422, 2008-Ohio-5178. Caldwell's affidavit did not explain the delay in coming forward with this evidence, and no other evidentiary materials were provided that set forth any efforts to obtain this information at an earlier date, or why the alleged identity of the shooter identified by Caldwell could not have been obtained through a diligent pre-trial investigation. Id. See, also, Townsend, supra, at ¶ 11.
 {¶ 12} The documents provided by appellant to support his motion for leave to file a motion for new trial did not establish that appellant was unavoidably prevented from obtaining the evidence set forth in Caldwell's affidavit within 120 days after trial. Consequently, the trial court did not abuse its discretion when it denied appellant's motion without holding an evidentiary hearing.
 {¶ 13} Accordingly, appellant's single assignment of error is overruled. *Page 6 
 {¶ 14} Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 McGRATH and TYACK, JJ., concur. *Page 1