[Cite as *State v. Gaven*, 2017-Ohio-5524.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-645 |
| v. | : | (C.P.C. No. 05CR-4818) |
| James L. Gaven, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 27, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Joslyn Law Firm*, and *Brian D. Joslyn*, for appellant. **Argued:** *Eric E. Willison.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, James L. Gaven, appeals from the judgment entry of the Franklin County Court of Common Pleas denying appellant leave to file a motion for a new trial and denying his motion for new trial. For the following reasons, we reverse the decision of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 21, 2005, a Franklin County Grand Jury indicted appellant on one count of felonious assault, in violation of R.C. 2903.11, with a firearm specification, two counts of discharging a firearm into the habitation of another, in violation of R.C. 2923.161, with specifications, and one count of improperly handling a firearm in a motor

vehicle, in violation of R.C. 2923.16. The case proceeded to a jury trial on January 19, 2006. In a prior appeal to this court, *State v. Gaven*, 10th Dist. No. 06AP-173, 2006-Ohio-5692, *appeal not accepted for review*, 113 Ohio St.3d 1441, 2007-Ohio-1266 ("*Gaven I*"), we described the evidence presented at trial as follows:

> Around 11 p.m. on July 9, 2005, Dwayne Henry, some friends and his two brothers, Demawn and Deandre, were in front of their mother's home at 66 Stevens Avenue, Columbus, Ohio. Dwayne noticed a green Ford traveling down Stevens Avenue. Although it was nighttime, the headlights of the car were not on. At the end of the street, the car turned around and drove back. Witnesses saw a hand with a gun reach out of the passenger car window and fire. Dwayne was shot through the hand. Other bullets struck neighboring houses and cars.
>
> Rush Deal testified that bullets struck both his home at 58 Stevens and his car. Neighbor Fred Gussler also saw the green Ford drive slowly down the street and witnessed the shooting. A bullet also struck Gussler's home. In addition, bullets from the passing car hit a vehicle and a residence at 64 Stevens Avenue.
>
> Demawn Henry reported that he could see the person who fired the weapon because the porch light was on and there was a streetlight in front of the house. Demawn identified the shooter as an individual he knew as "Juicy," someone he recognized from school. Demawn testified that "Juicy" had telephoned him before the shooting, said that he knew where Demawn's mother lived and threatened to shoot up her home. According to Demawn, after the shooting occurred, he telephoned appellant who admitted he was the person who fired the gun.
>
> Demawn's mother, Idella Jenkins, called the police the next day and advised them that "Juicy's" first name was actually James. Investigators were able to identify appellant as a suspect in the shooting. Demawn was shown a photo array and identified appellant as the person who fired the gun from the moving car. Appellant was arrested on July 14, 2005.
>
> Appellant testified on his own behalf and denied involvement in the shootings. His mother, Marsha Gibson, testified he was with her on the day of the shooting.

*Gaven I* at ¶ 5-9.

{¶ 3}   On January 24, 2006, a jury found appellant guilty of all charges.  The next day, the trial court sentenced appellant to a total prison term of 16 years.  Appellant appealed his conviction as against the manifest weight of the evidence.  In his appeal, he argued that record evidence showing appellant's mother's testimony accounting for his whereabouts, animosity between appellant and Demawn Henry, and, among other items, the fact that the police did not find the car or gun used in the shootings amounted to more credible evidence and negated the testimony of Henry.  In *Gaven I*, based on the testimony of Henry, this court affirmed appellant's convictions.

{¶ 4}   About ten years later, on February 23, 2016, appellant filed a combined motion for leave to file a delayed motion for new trial and a motion for new trial. Appellant stated Crim.R. 33(B)(2), involving misconduct of the prosecuting attorney or the witnesses for the state, and Crim.R. 33(B)(6), involving newly discovered evidence, as his bases for a new trial.

{¶ 5}   Appellant attached to his motion an affidavit signed on November 18, 2015 by Henry, the eyewitness identifying appellant as the shooter.  Within it, Henry states "I falsely testified in court that I saw [appellant] do the shooting."  (Henry Aff. at 2.)  He thought the shooting was over some "he said she said" stuff but could not recall exactly what it was about.  (Henry Aff. at 1.)  When he first spoke with police, Henry did not want to provide a statement but gave them appellant's name at his mother's urging.  About two to three weeks later, Henry was arrested on an unrelated crime, and the prosecutor in that case mentioned that if Henry was cooperative in the case against appellant, the prosecutor would "put in a good word" with the judge in Henry's case.  (Henry Aff. at 2.)  Henry agreed to testify that he saw appellant shoot from the car, when he actually did not see anything but the green Ford Taurus.  According to his affidavit, Henry then served six years at "FCI" in Kentucky before being released from prison on January 18, 2011.  (Henry Aff. at 2.)  After his release from FCI, Henry attended a drug rehabilitation program, where "[p]art of the program was that I should try to right those that I've wronged." (Henry Aff. at 3.)  Henry avers "[t]his is why I am now coming forward" and states he is doing so by his own free will and has not had any contact with appellant.  (Henry Aff. at

3.)  Henry further states in his affidavit that he believes appellant is wrongly in prison because of his testimony.

{¶ 6}  According to appellant's memorandum filed in support of the motion, Henry "has recently recanted his statement," and "this information was only recently discovered and could not, in the exercise of due diligence, been discovered before the trial." (Motion for New Trial at 4.)  The memorandum further states that appellant "could not reasonably have learned within fourteen days after the verdict of the existence of the alleged misconduct of the witness for the state which he now attempts to assert by way of a motion for new trial." (Motion for New Trial at 3.)  Moreover, appellant was "unable to discover the evidence because the information was possessed solely by the witness involved in the case and was only discoverable by that witness' voluntary disclosure of his dishonesty during testimony in trial." (Motion for New Trial at 3.)

{¶ 7}  On August 16, 2016, the trial court entered judgment denying both appellant's motion for leave to file a motion for new trial and his motion for new trial.  In doing so, the trial court first noted that, since over 10 years, as opposed to 120 days had elapsed, appellant "clearly has a heavy, but not impossible, burden to meet."  (Trial Ct. Jgmt. at 2.)  The trial court then cited to *State v. Love*, 1st Dist. No. C-050131, 2006-Ohio-6159, *appeal not accepted for review*, 113 Ohio St.3d 1441, 2007-Ohio-1266, which set forth the following test for what a defendant must show in order to prevail on a motion for new trial:

> To warrant a new trial based on newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before trial even with the exercise of due diligence; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence.

*Id.* at paragraph one of the syllabus, citing *State v. Petro*, 148 Ohio St. 505 (1947).

{¶ 8}  The trial court in the instant case focused on the sixth part of the test finding that, as opposed to the newly discovered alibi evidence in *Love* that could equate to "actual innocence," Henry's  affidavit "merely * * * contradicts his sworn in-court testimony with what can only be called a recantation," which must be "viewed with the

utmost suspicion."   (Internal quotations omitted.)   (Trial Ct. Jgmt. at 4.)   As a result, regarding appellant's motion for leave, the trial court found that since Henry's affidavit is "insufficient, as a matter of law, to overcome the inherent weakness of a long delayed recantation," it found that it did not have good grounds to permit the filing of a motion for new trial.  (Trial Ct. Jgmt. at 4.)  The trial court further held that the information provided by appellant is "insufficient, as a matter of law, to grant the motion even if the motion for leave were sustained." (Trial Ct. Jgmt. at 4.)  The trial court concluded that "[b]ecause of the above rulings, it is of no particular consequence as to whether the [appellant] was unavoidably prevented from filing a timely motion.  Regardless of that finding, the ultimate conclusion reached here is, and would be, unchanged."  (Trial Ct. Jgmt. at 5.) Appellant filed a timely appeal to this court.

## II.  ASSIGNMENTS OF ERROR

{¶ 9}   Appellant presents two assignments of error:

> I. The Trial Court erred when it refused to grant Appellant/ Defendant Motion for Leave to File a Delayed Motion for New Trial.

> II. The Trial Court erred when it refused to grant Appellant/ Defendant Refused to Grant Appellant/Defendant a New Trial [sic].

## III.  DISCUSSION

{¶ 10}  Under his first assignment of error, appellant contends that the trial court erred in denying his motion for leave to file a delayed motion for new trial.  For the following reasons, we agree.

{¶ 11}  " 'In considering a trial court's denial of a motion for leave to file a motion for new trial, this court employs an abuse of discretion standard.' "  *State v. Armengau*, 10th Dist. No. 16AP-355, 2017-Ohio-197, ¶ 6, quoting *State v. Anderson*, 10th Dist. No. 13AP-831, 2014-Ohio-1849, ¶ 7.  A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable.  *Armengau* at ¶ 6, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).   "A review under the abuse-of-discretion standard is a deferential review.  It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have

reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14. "[H]owever, where the trial court has misstated the law or applied the incorrect law, giving rise to a purely legal question, our review is de novo." *Shaffer v. OhioHealth Corp.*, 10th Dist. No. 03AP-102, 2004-Ohio-63, ¶ 6.

{¶ 12} Pursuant to Crim.R. 33(A), a new trial may be granted on motion of the defendant for an enumerated list of causes "affecting materially his substantial rights." Crim.R. 33(A). Appellant moved the trial court for leave to file a delayed motion for new trial under the grounds set forth in Crim.R. 33(A)(2) and (6).

{¶ 13} Under Crim.R. 33(A)(2), a trial court may grant a motion for new trial based on "[m]isconduct of the jury, prosecuting attorney, or the witnesses for the state." A motion for a new trial under Crim.R. 33(A)(2) must be filed within 14 days after the verdict was rendered, unless clear and convincing proof shows the defendant was unavoidably prevented from filing his motion for new trial within that 14-day period. Crim.R. 33(B).

{¶ 14} Under Crim.R. 33(A)(6), a trial court may grant a motion for new trial based on the discovery of new evidence material to the defense that the defendant could not, with reasonable diligence, have discovered and produced at trial. *State v. Graggs*, 10th Dist. No. 13AP-852, 2014-Ohio-1195, ¶ 5. " 'Newly discovered evidence' is 'evidence of facts in existence at the time of trial of which the party seeking a new trial was justifiably ignorant.' " *State v. Holzapfel*, 10th Dist. No. 10AP-17, 2010-Ohio-2856, ¶ 20, quoting *Love* at ¶ 43.

{¶ 15} A motion for new trial based on newly discovered evidence must be filed within 120 days after the jury verdict or the court's judgment. Crim.R. 33(B). However, a trial court may grant a motion for leave to file a motion for new trial based on newly discovered evidence beyond the 120-day deadline in certain circumstances. First, the court must determine whether the defendant has met his burden of establishing by clear and convincing proof that he or she was " 'unavoidably prevented from the discovery of the evidence upon which he must rely.' " *Graggs* at ¶ 5, quoting Crim.R. 33(B). "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have

learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-46 (10th Dist.1984). Second, the trial court must determine whether the party seeking leave under Crim.R. 33 filed the motion for leave within a reasonable time after discovering the evidence supporting the motion under the circumstances. *Armengau* at ¶ 16; *State v. Warren*, 2d Dist. No. 26979, 2017-Ohio-853, ¶ 40.

{¶ 16} Whether the defendant was unavoidably prevented from discovering the asserted new evidence or was reasonably delayed in filing a motion for leave may require a hearing. "If the defendant provides documents that on their face support the defendant's claim that discovery of the evidence was unavoidably delayed, the trial court must hold a hearing to determine whether there is clear and convincing evidence of unavoidable delay." *State v. Bush*, 10th Dist. No. 08AP-627, 2009-Ohio-441, ¶ 8; *Warren* at ¶ 48. *See, e.g., State v. Alexander*, 11th Dist. No. 2011-T-0120, 2012-Ohio-4468, ¶ 4, 21 (finding trial court abused its discretion in not holding a hearing on motion for leave to file delayed motion for new trial where recanting affidavit of state's witness stated he lied at trial and that he "recently" approached defendant and offered to recant his testimony). Otherwise, the trial court may exercise its discretion regarding whether to hold a hearing on a defendant's motion for leave to file a motion for new trial. *Armengau* at ¶ 33 (finding trial court did not abuse its discretion in denying appellant's motion for leave to file a delayed motion for new trial without holding an evidentiary hearing where appellant's affidavit failed to allege facts which would excuse his failure to timely file a motion for new trial); *State v. Redd*, 6th Dist. No. L-13-1087, 2013-Ohio-5181, ¶ 10, *appeal not accepted*, 138 Ohio St.3d 1436, 2014-Ohio-889; *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 19 (2d Dist.). *See, e.g., Bush* (finding trial court did not abuse its discretion in denying defendant's motion for leave to file a motion for new trial without an evidentiary hearing where co-defendant's recanting affidavit exonerated defendant but nothing in the affidavit supported the conclusion that defendant could not have obtained the information within 120 days of trial and no evidentiary materials were otherwise provided on this point).

{¶ 17} Here, the jury rendered its verdict in the criminal trial on January 24, 2006. Because appellant did not file his motion for new trial within either time frame stated in

Crim.R. 33(A)(2) and (6), Crim.R. 33(B) required appellant to seek leave from the trial court before filing his motion for new trial.

{¶ 18} Appellant sought leave in this case on February 23, 2016, over ten years after his jury verdict. He filed an affidavit dated November 18, 2015 from Henry, the only eyewitness as to the identity of the shooter presented at trial. Henry avers that sometime after being released from prison on January 18, 2011, he attended a rehabilitation program which prompted him to right past wrongs, including his purported false testimony that he saw appellant shoot Henry's brother. In the memorandum in support of leave to file the motion for new trial, appellant asserts that Henry's recantation was "recent" and that "this information was only recently discovered and could not, in the exercise of due diligence, been discovered before the trial." (Motion for New Trial at 4.)

{¶ 19} The trial court denied appellant's motion for leave to file the motion to dismiss based on the precept that Henry's affidavit is insufficient "as a matter of law," presumably based on its analysis that, unlike the affidavits of alibi in *Love*, the instant affidavit merely contradicts Henry's testimony at trial. As such, the trial court never made a finding on whether appellant was unavoidably prevented from filing a timely motion. (Trial Ct. Decision at 4.) We believe the trial court's analysis in this case constitutes error.

{¶ 20} Specifically, the trial court's analysis improperly "conflates two distinct issues" by resolving the motion for leave based on the merits of whether appellant is entitled to a new trial rather than addressing the threshold issue of whether appellant was unavoidably prevented from discovering new evidence. *McConnell* at ¶ 20, citing *Petro*. Moreover, the trial court's stated basis for denying the motion is grounded in the incorrect legal assumption that a recanting affidavit that does not present alibi or "actual innocence" are insufficient as "*as a matter of law*" as a mere contradiction to the affiant's prior testimony at trial. (Emphasis added.) (Trial Ct. Decision at 4.) To the contrary, such a determination is a case-by-case factual determination that considers the credibility and truth of the contradictory testimonies and whether the recanted testimony would have affected the outcome of the trial. *Alexander* at ¶ 24. *See*, *e.g.*, *State v. Woodward*, 10th Dist. No. 08AP-1015, 2009-Ohio-4213 (finding that although defendant demonstrated that he was unavoidably prevented from discovering a friend's recanted testimony, the merits of motion for trial were properly denied due to the friend's lack of

credibility and additional evidence at trial supporting his conviction).  Considering the above, we find that the trial court's application of incorrect law in considering appellant's motion for leave to file a delayed motion for new trial constitutes reversible error.  *Shaffer* at ¶ 6.

{¶ 21} Accordingly, we sustain appellant's first assignment of error.  We remand the matter for the trial court to analyze, in the first instance, whether appellant, despite filing his motion well beyond either timeline in Crim.R. 33(A)(2) or (6), met his burden in demonstrating by clear and convincing evidence he was unavoidably prevented from filing his motion for new trial under Crim.R. 33(A)(2), was unavoidably prevented from the discovery of the evidence under Crim.R. 33(A)(6), filed the motion for leave in a reasonable time after discovering the evidence supporting his motion, or, alternatively, whether appellant presented information on the face of his affidavit to warrant a hearing on those issues.  *See Armengau* at ¶ 10; *Bush* at ¶ 8; *State v. Thompson*, 6th Dist. No. L-15-1006, 2016-Ohio-1399, ¶ 8, 22.

{¶ 22} Because we have sustained appellant's first assignment of error and remanded the matter for the trial to review appellant's motion for leave for new trial, appellant's second assignment of error regarding the merits of the motion for new trial is premature at this time.  As such, appellant's second assignment of error is rendered moot. *Columbus v. Phillips*, 10th Dist. No. 15AP-408, 2015-Ohio-5088, ¶ 46-47.

## IV.  CONCLUSION

{¶ 23} Having sustained appellant's first assignment of error, rendering the second assignment of error moot, we reverse the judgment of the trial court and remand the matter to the Franklin County Court of Common Pleas for proceedings consistent with this opinion.

*Judgment reversed;*
*cause remanded.*

DORRIAN and HORTON, JJ., concur.

———————————