[Cite as *State v. Monford*, 2018-Ohio-1273.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                    :

    Plaintiff-Appellee,           :

                                                No. 16AP-866

v.                                :     (C.P.C. No. 08CR-1099)

LaRue A. Monford,                 :     (ACCELERATED CALENDAR)

    Defendant-Appellant.          :

---

D E C I S I O N

Rendered on April 3, 2018

---

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *LaRue A. Monford,* pro se.

---

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, LaRue A. Monford, pro se, appeals from a November 23, 2016 judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a delayed motion for a new trial. For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 15, 2008, appellant was indicted by the Franklin County Grand Jury for murder, attempted murder, felonious assault, carrying a concealed weapon, and three firearm specifications.

{¶ 3} The relevant underlying facts of this case were fully set forth in detail in appellant's direct appeal in *State v. Monford*, 10th Dist. No. 09AP-274, 2010-Ohio-4732, ¶ 2-33. For purposes of this appeal, the following are the pertinent facts and procedural history. Appellant's convictions arise from an incident that occurred on the afternoon of

February 7, 2008, at a bar known as D # 1 Happy Family, located on St. Clair Avenue in Columbus. On that date, Alicia Brown went to D # 1 Happy Family to meet Eugene Brown, a local disc jockey, to pick up concert tickets. Upon her arrival, Alicia saw appellant. Although the two had never previously met, they exchanged brief pleasantries. A short while later, Eugene arrived at the bar and he and Alicia sat next to one another and had a few drinks. Alicia testified that appellant shot Eugene from behind, and also shot her in the left hip and the right buttocks when she was running away. She made a positive identification of appellant in court as the shooter.

{¶ 4} In all, there were five witnesses who testified that appellant was the shooter. Two of those witnesses were familiar with appellant and had seen him on prior occasions. Three of the witnesses viewed photo arrays and identified appellant as the shooter. An additional witness, Frank McKnight, testified that he had been acquainted with appellant for approximately 16 years and saw appellant driving away from the crime scene. A vehicle matching the description given by witnesses as the vehicle used by the suspect to drive away from the scene was located at the address listed on appellant's driver's license.

{¶ 5} In his opening statement, appellant's counsel referenced an alibi defense, claiming appellant was not at the bar at the time of the shooting. However, appellant did not provide any evidence of an alibi. Appellant presented the testimony of Solomon M. Fulero, Ph.D., J.D., an expert witness to challenge the reliability of the appellee's identification evidence. "[T]hroughout the entire trial proceedings, [appellant's] theory of the case was clearly one of misidentification. His entire defense was * * * that he was simply not the shooter and that the witnesses had gotten it wrong." *Monford* at ¶ 74.

{¶ 6} The jury believed the eyewitnesses. On December 17, 2008, the jury found appellant guilty of murder in the shooting death of Eugene Brown, attempted murder and felonious assault in the shooting of Alicia Brown, carrying a concealed weapon, and the three-year firearm specifications. The trial court imposed an aggregate sentence of 28 years to life in prison.

{¶ 7} Appellant filed a timely direct appeal, asserting eight assignments of error. We found that the evidence was sufficient to support appellant's convictions for murder, attempted murder, felonious assault, and carrying a concealed weapon. Accordingly, we overruled all of appellant's assignments of error and affirmed the trial court. *Monford* at ¶ 131.

{¶ 8}   In the years after his trial, appellant filed several motions, petitions, and other requests with the trial court—all to no avail. On September 9, 2016, almost eight years after appellant's convictions, he filed a "Motion for Leave to File Motion for New Trial on Account of Newly Discovered Evidence and/or Due to Withholding of Exculpatory Evidence" ("motion for leave").  Appellee responded to the motion for leave, arguing that appellant failed to show that he was "unavoidably prevented" from discovering any of the evidence attached to the petition. On November 23, 2016, the trial court denied appellant's motion for leave.

## II. ASSIGNMENTS OF ERROR

{¶ 9}   Appellant appeals assigning the following errors for our review:

> [I.] The states [sic] suppression of forensic material evidence and repeatedly asserting materially false testimony constitutes structural error.

> [II.] Defense counsel's failure to request and or investigate discovery, fully, constitutes denial of due process and structural error.  This fundamental deficiency of counsel caused and evidenced prejudice, adversely affecting framework within which trial proceeded and constitutional issues herein.

## III. DISCUSSION

{¶ 10}  "We will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion."  *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 8, citing *State v. Schiebel*, 55 Ohio St.3d 71, 76 (1990). "The abuse of discretion standard of review also applies to Crim.R. 33(B) motions for leave to file a delayed motion for new trial." *Townsend* at ¶ 8.

{¶ 11}  Appellant alleges in assignment of error one that the trial court should have granted him leave to file a motion for a new trial because (1) the state suppressed forensic material evidence, and (2) the prosecutor repeatedly asserted materially false testimony. In assignment of error two, appellant asserts that defense counsel's failure to request and/or investigate discovery fully constituted a denial of due process.

{¶ 12}  Initially, we note that the claims regarding the prosecuting attorney and defense counsel were not argued in appellant's motion for leave.  As a result, the trial court did not address these arguments and they are not properly before this court. It is settled law that a litigant's failure to raise issues for the trial court's determination waives

those issues for purposes of appeal. *Fisher v. State*, 10th Dist. No. 13AP-38, 2014-Ohio-2280, ¶ 32, citing *State v. Johnson*, 10th Dist. No. 13AP-637, 2014-Ohio-671, ¶ 14. Therefore, appellant has waived these arguments.

{¶ 13} In addition, the claims against the prosecutor and defense counsel rely on matters that are contained in the trial record and do not rely on any newly discovered evidence, let alone the evidence attached to appellant's motion for leave. In fact, appellant made similar arguments in his direct appeal. A motion for a new trial based on these arguments was required to be brought within 14 days after the verdict was rendered. Crim.R. 33(B). As such, the argument put forth in the second part of assignment of error one lacks merit, and appellant's assignment of error two is overruled.

{¶ 14} In the first part of assignment of error one, appellant claims that the state suppressed forensic material evidence. In appellant's motion for leave under Crim.R. 33(B), he attached three unauthenticated exhibits to his motion: (1) a BCI report stating that GSR residue was found on one of Eugene's hands ("the GSR report"); (2) a "Crime Scene Procedures" log sheet stating that a "firearms recovery form" was attached; and (3) a BCI "Chain of Custody Report" outlining the chain of custody of the GSR kit taken from Eugene. However, while appellant claims that appellee improperly withheld the GSR report, he presents no evidence, either by affidavit or otherwise, to support this claim.

{¶ 15} Pursuant to Crim.R. 33(B), if a defendant fails to file a motion for a new trial based on newly discovered evidence within 120 days of the jury's verdict, he or she must seek leave from the trial court to file a delayed motion. To obtain leave of the court, a defendant must demonstrate "by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120 days." *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 19. The standard of "clear and convincing evidence" is defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Schiebel* at 74, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 16} " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for

filing the motion for new trial in the exercise of reasonable diligence.' " *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 9, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-46 (10th Dist.1984). We have required the party seeking leave under Crim.R. 33(B) to file a motion for leave within a reasonable time after discovering the evidence supporting the motion for new trial. *State v. Ambartsoumov*, 10th Dist. No. 12AP-878, 2013-Ohio-3011, ¶ 12; *State v. Grinnell*, 10th Dist. No. 09AP-1048, 2010-Ohio-3028, ¶ 12.

{¶ 17} In this case, the trial court found that:

> Defendant cannot satisfy the burden of a motion for leave to file a motion for new trial under Crim.R. 33. Defendant has offered no evidence that he was unavoidably prevented from obtaining the documents attached to his motion prior to trial or how these documents were ultimately discovered. Without any proof about how or when Defendant obtained the documents attached to his motion this Court finds Defendant has wholly failed to establish he was "unavoidably" prevented from discovering the alleged new evidence. Moreover, contrary to Defendant's assertions, nothing within the documents provided do anything to advance Defendant's claim that his trial attorney should have made a self-defense argument, or demonstrate Defendant is not guilty of the crimes for which he was convicted. Defendant claimed in his Motion as he did during the trial that he had nothing to do with the shooting. Thus, a self defense argument would not even apply. For the foregoing reasons Defendant's Motion is DENIED.

(Nov. 23, 2016 Decision and Entry at 2.)

{¶ 18} We agree with the trial court. Appellant has offered no evidence of any kind, let alone clear and convincing proof, that he was unavoidably prevented from obtaining the documents attached to his motion. He does not explain when or how he obtained these documents. In addition, he failed to submit any evidence that he filed his motion within a reasonable time after acquiring the documents.

{¶ 19} In addition, the documents attached to appellant's motion for leave do not establish any constitutional error or otherwise justify a new trial. Apparently, appellant feels that the documents would support a self-defense claim, but he never pursued self-defense at trial. His defense all along was misidentification—i.e., that he was not the shooter. The presence of GSR on the victim would not reasonably advance any self-

defense claim. None of the several witnesses saw the victim fire or even possess a gun. The presence of GSR was likely from appellant shooting the victim at close range. The document itself states that "[t]he presence of gunshot primer residue on a person's hands is consistent with that individual having discharged a firearm, *having been in the vicinity of a firearm when it was discharged*, or having handled an item with gunshot primer residue on it." (Emphasis added.) (Mar. 19, 2008 Laboratory Report at 1.)  The reference to a "Firearm Recovery Form" on the "Crime Scene Procedures" form proves nothing.

{¶ 20} Our review shows that the trial court did not abuse its discretion in finding that the appellant failed to establish that he was unavoidably prevented from obtaining the alleged new evidence and, as a result, denying appellant's motion for leave to file a delayed motion for a new trial.  Appellant's first assignment of error is overruled.

## IV. DISPOSITION

{¶ 21} Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, P.J. and KLATT, J., concur.

————————————