[Cite as *State v. Sevilla*, 2023-Ohio-1726.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 22AP-764 |
| v. | : | (C.P.C. No. 05CR-4630) |
| Jesus Sevilla, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 23, 2023

**On brief:** [*Janet A. Grubb,* First Assistant Prosecuting Attorney], and *Mark R. Wilson*, for appellee.

**On brief:** *Jesus Sevilla,* pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, P.J.

{¶ 1} Defendant-appellant, Jesus Sevilla, appeals from the November 22, 2022 judgment entry denying appellant's motion for leave to file a delayed motion for new trial. (Nov. 22, 2022 Decision & Entry.) For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} In August 2006, appellant was convicted of murder and attempted murder, as well as the firearm specification for each count. On June 7, 2007, we affirmed appellant's convictions. *See State v. Sevilla*, 10th Dist. No. 06AP-954, 2007-Ohio-2789. We reiterate the facts as set forth in that decision and incorporate them herein by reference as follows:

In the early morning hours of July 4, 2005, appellant and three other people, including appellant's nephew, went to a party outside the Wingate Village apartment complex on the west side of Franklin County, Ohio. Appellant's nephew got into an altercation with Salvador Quiroz, one of the people at the party. The two men were yelling and pushing each other. Appellant was near the altercation. He pulled out a gun and chambered a round of ammunition. Quiroz's friend, Victor Fregoso, saw appellant holding the gun. He ran up from behind Quiroz, grabbed him in a bear hug, and tried to pull him away from the altercation. Appellant fired one shot at the two men. Fregoso sustained a broken jaw from a bullet that entered his right jaw and exited at his left temple. Quiroz died as a result of a gunshot wound to his upper chest area. A bullet was later recovered from Quiroz's body. Right after the shooting, appellant stood over Quiroz and aimed the gun at him, but the gun jammed and would not fire again. Appellant then fled the scene. Later that same day, detectives from the Franklin County Sheriff's Office apprehended appellant after a brief chase. The detectives found the gun used by appellant under some rocks in the area where they caught him.

A Franklin County grand jury indicted appellant with one count of murder in violation of R.C. 2903.02 and one count of attempted murder in violation of R.C. 2923.02 as it relates to R.C. 2903.02. Both of these counts also contained a firearm specification pursuant to R.C. 2941.145. The grand jury also indicted him on one count of tampering with evidence in violation of R.C. 2921.12 and one count of receiving stolen property in violation of R.C. 2913.51. Appellant entered a not guilty plea to the counts and proceeded to a jury trial.

Three eyewitnesses testified that appellant was the only person at the party with a gun and that he fired one shot at Fregoso and Quiroz. Appellant admitted that he fired a shot at Fregoso and Quiroz but claimed that he did so in self-defense. The jury rejected appellant's claim of self-defense and found appellant guilty of murder and attempted murder as well as the firearm specification for each count. The jury found appellant not guilty of tampering with evidence.[1] The trial court sentenced appellant accordingly.

*Sevilla* at ¶ 2-4.

---

[1] Before trial, the state dismissed the receiving stolen property charge.

{¶ 3} On May 3, 2022, appellant filed a "motion for leave to file for a new trial under Criminal Rule 33(A)(2)(6) & (B) upon newly discovered evidence" and requested an oral hearing thereon. In his motion, appellant averred "that I have just recently come across this new evidence." (*Id.* at 1; Sevilla Aff. at ¶ 4.) As the purported "new evidence," appellant attached an affidavit from Fregoso and an affidavit from appellant's nephew, Mauricio Sevilla Mora, both of whom were at the scene of the altercation resulting in the death of Quiroz, as set forth above. (*Id.* at 1; Ex. A & B.)

{¶ 4} On November 22, 2022, the trial court issued an entry denying appellant's motion without holding a hearing. (Nov. 22, 2022 Decision & Entry.) In denying the motion for leave to file delayed motion for new trial, the trial court found appellant "has not demonstrated that he was unavoidably prevented from gathering the new evidence." *Id.* at 3.

{¶ 5} Appellant's timely appeal from the November 22, 2022 Decision and Entry is now before us.

## II. Assignment of Error

{¶ 6} Appellant asserts the following as his sole assignment of error for our review:

> The lower court committed prejudicial error in their unexpected departure of clear existing law.

(Sic passim.)

## III. Discussion

{¶ 7} In reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial, an appellate court applies an abuse of discretion standard. *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, ¶ 13. A trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a delayed motion for new trial is also discretionary. *State v. Hoover-Moore*, 10th Dist. No. 14AP-1049, 2015-Ohio-4863, ¶ 14, citing *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 54. "A criminal defendant 'is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue.' " *State v. Ambartsoumov*, 10th Dist. No. 12AP-878, 2013-Ohio-3011, ¶ 13, quoting *Cleveland*, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 7 (2d Dist.); *State v. Bush*,

10th Dist. No. 08AP-627, 2009-Ohio-441, ¶ 10-12 (finding trial court did not abuse its discretion in denying defendant's motion for leave to file a motion for new trial without an evidentiary hearing where codefendant's recanting affidavit exonerated defendant but nothing in the affidavit supported the conclusion that defendant could not have obtained the information within 120 days of trial and no evidentiary materials were otherwise provided on this point).

{¶ 8} Crim.R. 33(A)(6) provides that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." " ' " 'Newly discovered evidence' is 'evidence of facts in existence at the time of trial of which the party seeking a new trial was justifiably ignorant.' " ' " *State v. Wilson*, 10th Dist. No. 20AP-556, 2021-Ohio-3046, ¶ 12, quoting *State v. Gaven*, 10th Dist. No. 16AP-645, 2017-Ohio-5524, ¶ 14, quoting *State v. Holzapfel*, 10th Dist. No. 10AP-17, 2010-Ohio-2856, ¶ 20, quoting *State v. Love*, 1st Dist. No. C-050131, 2006-Ohio-6158, ¶ 43.

{¶ 9} Under Crim.R. 33(B), "when a new-trial motion is premised on newly discovered evidence, the defendant must file the motion within 120 days of the date of the jury's verdict." *McNeal* at ¶ 15. However, "Crim.R. 33(B) excuses a defendant's failure to move for a new trial within the * * * 120-day deadline * * * if the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from discovering the evidence on which the motion would be based within that time." *Id.* at ¶ 16. A defendant is unavoidably prevented from discovering new evidence if he "had no knowledge of the existence of the new evidence and, in the exercise of reasonable diligence, could not have learned of its existence within the time prescribed for filing a motion for new trial." *State v. Lundy*, 10th Dist. No. 19AP-505, 2020-Ohio-1585, ¶ 11. Additionally, "a defendant may satisfy the 'unavoidably prevented' requirement contained in Crim R. 33(B) by establishing that the prosecution suppressed the evidence on which the defendant would rely in seeking a new trial." *McNeal* at ¶ 17, citing *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, ¶ 25, 59.

{¶ 10} When a defendant seeks leave to file a delayed motion for a new trial under Crim.R. 33(B), "the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *State v. Hatton*, 169 Ohio St.3d 446,

2022-Ohio-3991, ¶ 30, citing *Bethel* at 41, citing *State v. Brown*, 8th Dist. No. 95253, 2011-Ohio-1080, ¶ 14. Thus, "[t]he sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Id.*

{¶ 11} Turning to appellant's sole assignment of error, he asserts, in essence, that the trial court erred in denying his motion for leave to file a delayed motion for new trial. We disagree.

{¶ 12} As previously stated, a defendant is unavoidably prevented from discovering new evidence if he "had no knowledge of the existence of the new evidence and, *in the exercise of reasonable diligence*, could not have learned of its existence within the time prescribed for filing a motion for new trial." (Emphasis added.) *Lundy* at ¶ 11. Indeed, a defendant has an obligation to exercise reasonable diligence to discover the alleged "new" evidence. *State v. Cashin*, 10th Dist. No. 17AP-338, 2017-Ohio-9289, ¶ 16. "Given the defendant's obligation to exercise reasonable diligence, the defendant cannot claim that evidence was undiscoverable simply because no one made efforts to obtain the evidence sooner." *Id.*, citing *State v. Graggs*, 10th Dist. No. 16AP-611, 2017-Ohio-4454, ¶ 15; *State v. Noor*, 10th Dist. No. 16AP-340, 2016-Ohio-7756, ¶ 17; *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 14. "In other words, a defendant cannot demonstrate that he was unavoidably prevented from discovering new evidence when he could have discovered that evidence earlier had he exercised reasonable diligence and effort." *Id.*, citing *State v. Lenoir*, 2d Dist. No. 26846, 2016-Ohio-4981, ¶ 24.

{¶ 13} Defendants and their trial counsel have a "duty to make a 'serious effort' of their own to discover potential favorable evidence." *Anderson* at ¶ 14, citing *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 15. "Bald assertions that appellant could not have timely discovered the evidence is not enough." *Id.* Granting a motion made pursuant to Crim.R. 33(B) when the defendant has not met his burden " 'would reward appellant for his failure to perform a proper pretrial investigation.' " *Golden* at ¶ 19, citing *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 13.

{¶ 14} "To allow the trial court to gauge the defendant's diligence, the defendant must describe all investigative actions undertaken within the 120-day period for timely

filing a Crim.R. 33(A)(6) motion and explain why he was unavoidably prevented from discovering the evidence before the 120-day period elapsed." *Cashin* at ¶ 17, citing *State v. Whiteside*, 10th Dist. No. 15AP-55, 2015-Ohio-3490, ¶ 19; *Ambartsoumov* at ¶ 25; *Golden* at ¶ 19; *State v. West*, 10th Dist. No. 09AP-474, 2009-Ohio-5203, ¶ 13; *State v. Bush*, 10th Dist. No. 08AP-627, 2009-Ohio-441, ¶ 10-11. "Mere conclusory allegations do not prove that the defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." (Citations omitted.) *Id.*

{¶ 15} In support of his motion for leave to file an untimely motion for new trial, appellant offered affidavits executed by Fregoso and Sevilla Mora purporting to support appellant's original claim of self-defense by attesting that Quiroz drew a gun prior to being shot by appellant. However, nothing in either of the affidavits provides any support for the conclusion that appellant could not have obtained the affidavits from Fregoso and/or Sevilla Mora within 120 days of trial through the exercise of reasonable diligence, and neither affidavit sufficiently explains the 16-year delay in coming forward with this evidence.

{¶ 16} Furthermore, although appellant asserted in his own affidavit "that I have just recently come across this new evidence," he made no attempt to explain why it took 16 years for him to obtain the affidavits, or even how he obtained them at all. (*See* Sevilla Aff. at ¶ 1-4.) Appellant provided no evidentiary materials setting forth any factual basis for appellant's implicit conclusory assertion that he was unavoidably prevented from obtaining the information contained in either of the affidavits or otherwise describing any efforts that he had made to obtain the information. The mere assertion in appellant's affidavit attached to his motion that he had "just recently come across" the alleged new evidence in the form of the affidavits purporting to support his claim of self-defense was not sufficient on its face to meet appellant's burden of proving unavoidable delay by clear and convincing evidence. *See State v. Bush*, 10th Dist. No. 08AP-627, 2009-Ohio-441, ¶ 11, citing *State v. Parker*, 2d Dist. No. 22422, 2008-Ohio-5178.

{¶ 17} In short, the documents provided by appellant in support of his motion for leave to file a delayed motion for new trial did not establish that appellant was unavoidably prevented from obtaining the evidence set forth in the affidavits within 120 days after the

jury's verdict. Consequently, the trial court did not abuse its discretion when it denied appellant's motion without holding an evidentiary hearing.

{¶ 18} Finally, appellant also asserts that it was error for the trial court to deny his motion for leave to file a delayed motion for a new trial in contravention of the authority of the Supreme Court of Ohio decision of *Bethel*, 2022-Ohio-783. In *Bethel*, the Supreme Court implicitly overruled previous appellate cases that had required that a motion for leave to file a delayed motion for new trial be filed "within a reasonable time after the discovery of the new evidence," finding that no such timing requirement exists in Crim.R. 33(B). *Bethel* at ¶ 58. *See also, McNeal*, 2022-Ohio-2703 (reaffirming *Bethel*). In this case, the trial court made no such finding. Therefore, *Bethel* is not pertinent to the instant matter on this point.

{¶ 19} In sum, appellant has failed to provide clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base a motion for a new trial. Accordingly, the trial court did not abuse its discretion in denying the motion for leave to file a delayed motion for new trial without holding a hearing, and appellant's sole assignment of error is overruled.

## IV. Disposition

{¶ 20} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and BOGGS, JJ., concur.

————————————