OPINION
{¶ 1} David G. Fox is appealing from the decision of the trial court which overruled his motion seeking leave to file a delayed motion for new trial. He assigns four errors for our consideration:
 I. Trial court abused its discretion by denying appellant's motion for leave to file delayed motion for new trial based on newly discovered evidence pursuant to Crim. R. 33(B). *Page 2 
 II. Trial court erred when it barred appellant's motion for leave to file delayed motion for new trial pursuant to Crim. R. 33(B) res judicata.
 III. Appellant was prejudiced against and denied his right to due process by trial court's denial of appellant's motion for leave to file delayed motion for new trial based on newly discovered evidence pursuant to Crim. R. 33(B).
 IV. Trial court erred by denying appellant's motion for leave to file delayed motion for new trial based on newly discovered evidence pursuant to Crim. R. 33(B) because it "Does not meet the standards for Granting New Trial under Crim. R. 33," thereby treating appellant's motion as an actual motion for new trial, when it is just a motion for leave to file motion for delayed new trial.
 {¶ 2} Because the four assignments of error involve common issues, we will address them jointly.
 {¶ 3} Crim. R. 33 reads in pertinent part:
 (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 * * *
 (6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses. *Page 3 
 (B) * * *
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 4} Fox, by his own admission, shot and killed Montel Young. A jury convicted him of aggravated murder. That conviction was reduced to murder as a result of his first appeal.
 {¶ 5} At trial, Fox argued that Montel Young was part of a plan to rob him. Fox now claims that he has additional proof of Young's involvement in the robbery. That proof does not affect his guilt in the homicide. The issue is not whether a homicide victim is a good person or a bad person, but whether or not Fox purposely caused the death of another. Because the "new" evidence is irrelevant to Fox's guilt, the trial court did not need to grant permission for Fox to file a delayed motion based upon that evidence.
 {¶ 6} The first, third and fourth assignments of error are overruled.
 {¶ 7} As to the second assignment of error, the doctrine of res judicata bars re-litigation of issues which were or could have been addressed in earlier court proceedings. The issues surrounding Montel Young's involvement in the robbery have been addressed both in the prior appeal and in a petition for postconviction relief filed earlier by Fox. Res judicata is a separate basis for refusing to address the issue Fox attempts to develop now. *Page 4 
 {¶ 8} The second assignment of error is overruled.
 {¶ 9} All four assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH, P.J., and KLATT, J., concur. *Page 1