[Cite as *State v. Smith*, 2026-Ohio-912.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

     Plaintiff-Appellee,               :              No. 25AP-824
                                                     (C.P.C. No. 09CR-2114)
v.                                             :

Thomas L. Smith,                               :              (REGULAR CALENDAR)

     Defendant-Appellant.              :

---

D E C I S I O N

Rendered on March 19, 2026

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee. **Argued:** *Mark R. Wilson*.

**On brief:** *The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for appellant. **Argued:** *Eric J. Allen*.

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Thomas L. Smith, appeals from a September 30, 2025 decision and entry of the Franklin County Court of Common Pleas denying his motion for an order granting leave to file a motion for new trial. For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The basic, underlying facts in this matter were summarized in Smith's direct appeal. *State v. Smith*, 2010-Ohio-5077, ¶ 1-5 (10th Dist.).

{¶ 3} On April 9, 2009, appellant was indicted on the following charges: aggravated murder, a violation of R.C. 2903.01, an unclassified felony; murder, a violation of R.C. 2903.02, an unclassified felony; attempted murder, a violation of R.C. 2923.02 and

R.C. 2903.02, a felony of the first degree; felonious assault, a violation of R.C. 2903.11, a felony of the second degree; aggravated burglary, a violation of R.C. 2911.11, a felony of the first degree; four counts of aggravated robbery, violations of R.C. 2911.01, felonies of the first degree; and carrying a concealed weapon, a violation of R.C. 2923.12, a felony of the fourth degree. All counts, except for carrying a concealed weapon, were accompanied by firearm specifications. The charge of carrying a concealed weapon was dismissed by the state prior to trial.

{¶ 4} Appellant, through counsel, filed a motion to suppress an out-of-court identification made during a photograph array. The motion was denied.

{¶ 5} A jury trial commenced on September 21, 2009, after which appellant was found guilty of each count and specification in the indictment. At sentencing, the trial court merged appellant's convictions for aggravated murder and murder, as well as his convictions for attempted murder and felonious assault. Appellant was sentenced to a total prison term of life without the possibility of parole, consecutive to 36 years.

{¶ 6} Appellant filed a direct appeal but only challenged the consecutive nature of his sentences. *Smith*, 2010-Ohio-5077, at ¶ 6 (10th Dist.). We affirmed the trial court's sentence. *Id*. at ¶ 15. On February 16, 2011, the Supreme Court of Ohio declined to exercise jurisdiction.

{¶ 7} On May 11, 2022, appellant filed a notice of alibi. In that filing, appellant alleged that he "was with 'John Doe' at the time of the alleged charges . . ." (May 11, 2022 Def. Notice of Alibi at 2.)

{¶ 8} In June 2022, appellant motioned the Supreme Court to allow him to file a motion for delayed appeal of this court's 2010 decision in his direct appeal. The motion was denied.

{¶ 9} On June 4, 2025, appellant filed a motion for an order granting leave to file a motion for new trial. In support of that motion, appellant argued that, despite appellant's requests, trial counsel refused to file a notice of alibi and a motion to suppress. Furthermore, appellant stated that he "presented this testimony promptly, as he felt prior to this filing that he had violated the street code. However, he realizes now that he is not implicating anyone, only indicating he was elsewhere when this occurred." (June 4, 2025 Mot. for an Order Granting Leave to File a Mot. for New Trial at 8.) Appellant's motion was

accompanied by an affidavit in which appellant asserted he was elsewhere when these crimes occurred.

{¶ 10} The trial court denied appellant's motion, finding that appellant failed to demonstrate he was unavoidably prevented from filing a motion for new trial. Appellant now brings this appeal.

## II. ASSIGNMENT OF ERROR

{¶ 11} Appellant assigns the following as trial court error:

> THE TRIAL COURT ERRED IN DENYING THE MOTION
> FOR LEAVE TO FILE A MOTION FOR NEW TRIAL[.]

## III. STANDARD OF REVIEW

{¶ 12} "We will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion." *State v. Townsend*, 2008-Ohio-6518, ¶ 8 (10th Dist.). Appellate review of a motion for leave to file a delayed motion for new trial is also limited to an abuse of discretion standard. *Id.* An abuse of discretion is more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 219 (1983).

## IV. LEGAL ANALYSIS

{¶ 13} In his sole assignment of error, appellant contends that the trial court erred in denying his motion for leave to file a delayed motion for new trial. On appeal, appellant's argument focuses on his allegation that he asked trial counsel to file a notice of alibi, but trial counsel refused.

{¶ 14} Initially, it should be noted that Crim.R. 33(B) contains two different deadlines for a motion for new trial, depending upon the basis of the motion. For motions filed on account of newly discovered evidence, pursuant to Crim.R. 33(A)(6), such motions shall be filed within 120 days after the verdict was rendered. Crim.R. 33(B). " 'Newly discovered evidence' is 'evidence of facts in existence at the time of trial of which the party seeking a new trial was justifiably ignorant.' " *State v. Holzapfel*, 2010-Ohio-2856, ¶ 20 (10th Dist.), quoting *State v. Love*, 2006-Ohio-6158, ¶ 43 (1st Dist.). On the other hand, motions for new trial filed due to any of the reasons enumerated in Crim.R. 33(A)(1) through (5) shall be filed within 14 days after the verdict was rendered. Crim.R. 33(B).

{¶ 15} Nevertheless, a defendant may obtain leave from the trial court to file a delayed motion for new trial if he or she establishes by clear and convincing evidence that he or she was unavoidably prevented from filing a motion for new trial or discovering the evidence upon which he or she is relying. Crim.R. 33(B); *State v. Gaven*, 2017-Ohio-5524, ¶ 13-15 (10th Dist.). "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist. 1984). A trial court need not hold a hearing on a motion for leave to file a delayed motion for new trial unless "the defendant provides documents that on their face support the defendant's claim that discovery of the evidence was unavoidably delayed." *State v. Bush*, 2009-Ohio-441, ¶ 8 (10th Dist.).

{¶ 16} In this matter, the record reflects that the vast majority of the parties' arguments and legal analysis characterize appellant's motion for new trial as one filed due to newly discovered evidence. However, as previously stated, newly discovered evidence is evidence in existence at the time of trial of which the defendant was justifiably ignorant. *Holzapfel* at ¶ 20. Here, appellant's motion and accompanying affidavit clearly establish that appellant knew about his alibi prior to and during trial. Thus, it cannot constitute newly discovered evidence. *See State v. Oden*, 1995 Ohio App. LEXIS 4149, *4 (9th Dist. Sept. 20, 1995) (purported alibi witnesses did not constitute newly discovered evidence because the defendant knew about them before trial). Appellant's argument, especially on appeal, focuses more on trial counsel being ineffective for failing to file a notice of alibi. Ineffective assistance of counsel is a cognizable claim for a motion for new trial under Crim.R. 33(A)(1). *State v. Lei*, 2006-Ohio-2608, ¶ 25 (10th Dist.). Thus, the stricter 14-day deadline applied to appellant's motion. Crim.R. 33(B). Nevertheless, whether characterized as a motion for new trial based on newly discovered evidence or ineffective assistance of counsel, appellant failed to establish by clear and convincing evidence that he was unavoidably prevented from discovering the grounds upon which he relied for his motion for new trial.

{¶ 17} On appeal, appellant's argument in support of his assignment of error is as follows:

> The facts justifying leave of court are that the Defendant had nothing to do with the robbery or shooting of [D.L.] and [A.L.] The defendant was elsewhere when this murder occurred. He insisted that his lawyer file a notice of alibi. The lawyer refused. Further, he insisted that his lawyer file a motion to suppress as he believed the methods used to identify him were suggestive. The lawyer refused to do this as well. Had the jury heard evidence of the alibi and been kept from hearing the suggestive identification, there was a reasonable probability that he would be acquitted.

(Appellant's Brief at 10.) Setting aside the fact that appellant filed the instant motion nearly 15 years after his convictions, this argument fails for a number of other reasons. First, appellant's argument is based on the bare allegations and conclusory statements contained in his affidavit. Appellant's motion and affidavit filed in the trial court failed to even offer where he was during the commission of the crimes for which he was convicted. He simply asserts he was not at the scene of the crime. " 'Mere conclusory allegations do not prove that the defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.' " *State v. Sevilla*, 2023-Ohio-1726, ¶ 14 (10th Dist.), quoting *State v. Cashin*, 2017-Ohio-9289, ¶ 17 (10th Dist.); *see also State v. Moore*, 2018-Ohio-318, ¶ 21 (2d Dist.) ("the burden to demonstrate clear and convincing proof of unavoidable delay requires something more than bare allegations or statements in a motion").

{¶ 18} This argument also fails because it is devoid of any facts or evidence demonstrating how appellant was unavoidably prevented from discovering the grounds for his motion for new trial. Rather, appellant's argument appears to argue that because his motion allegedly has merit, he should be granted leave to file his motion. That is not the standard. In considering a defendant's request for leave to file a delayed motion for new trial, the trial court is not permitted to consider the merits of the proposed motion. *State v. Hatton*, 2022-Ohio-3991, ¶ 30. In sum, appellant failed to set forth any basis from which the trial court could conclude that he was unavoidably prevented from filing a timely motion for new trial. In fact, each of appellant's pleadings directly contradicted that notion. Not only is it axiomatic that a defendant would know about alibi evidence prior to trial, appellant even admitted that he requested trial counsel to file a notice of alibi. Thus, by appellant's own allegations, he was not unavoidably prevented from discovering his alibi

evidence or trial counsel's refusal to file a notice of alibi. In fact, he had actual knowledge of both and could have filed a timely motion for new trial.

{¶ 19} Appellant's argument also fails because, despite his claim to the contrary, the record reflects that trial counsel did file a motion to suppress the allegedly suggestive pre-trial identification. A hearing was held on the motion. The trial court denied that motion. Any claims in that regard should have been brought during the direct appeal. *State v. Fox*, 2009-Ohio-1327, ¶ 7 (10th Dist.) (the doctrine of res judicata bars re-litigation of issues in a motion for leave to file a delayed motion for new trial when those issues were or could have been addressed in earlier court proceedings).

{¶ 20} Not mentioned on appeal, but argued in the trial court, appellant claimed that he "presented this testimony promptly, as he felt prior to this filing that he had violated street code. However, he realizes now that he is not implicating anyone, only indicating he was elsewhere when this occurred." (Mot. for an Order Granting Leave to File a Mot. for New Trial at 8.) However, this claim is belied by the record. Appellant failed to explain why it did not violate street code when he requested trial counsel to file a notice of alibi prior to trial, but it would have somehow violated street code to do so following his convictions. Appellant's argument in this regard was simply not credible. This is especially so considering he never disclosed where he was or who he was with for his alleged alibi. Based on the foregoing, appellant's sole assignment of error is overruled.

**V. CONCLUSION**

{¶ 21} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

————————————